**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**PAUL ALBA, JR., # 61319-080**                                                **PLAINTIFF**

**V.**                              **CIVIL ACTION NO. 5:10cv49-DCB-MTP**

**DELORES RANDLE, ET AL.**                                       **DEFENDANTS**

**REPORT AND RECOMMENDATION**

THIS MATTER is before the court on the Plaintiff's Motion for Temporary Restraining Order [38]. Having considered the motion and the applicable law, the undersigned recommends that the Motion [38] be DENIED.

FACTUAL BACKGROUND

Plaintiff Paul Alba, Jr., proceeding *pro se* and *in forma pauperis,* filed his complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 on or about April 2, 2010. In his complaint, Plaintiff alleges that Defendants Bruce Pearson, Michael Morris, Delores Randle, Debra Dawson, Jeremy Fuqua, Ayanna Brown, and Delbert Sauers violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to protect him from other inmates while incarcerated at FCC Yazoo City.[1] Plaintiff is currently incarcerated at FCI Estill Medium in South Carolina.

On August 26, 2010, Plaintiff Paul Alba, Jr. filed a Motion for Temporary Restraining

---

[1] Defendants Bruce Pearson, Warden, Michael Morris, Unit Manager, Delores Randle, Case Manager, Debra Dawson, Captain, and Jeremy Fuqua, Correctional Officer, are employed by the Bureau of Prisons ("BOP") at FCC Yazoo City. Defendant Delbert Sauers is currently an Associate Warden at the Federal Correctional Institution in Allenwood, Pennsylvania, but during all times relevant to Plaintiff's Complaint, he was employed as the Chief Administrator at the BOP's Designation and Sentence Computation Center in Grand Prairie, Texas. Defendant Ayanna Brown is employed with the United States Department of Justice in the Special Litigation Section of the Civil Rights Division.

Order [38].  In his Motion [38], Plaintiff seeks an injunction enjoining "Defendants"[2] from retaliating against him by denying him access to the Special Housing Unit's new electronic law library, tampering with his mail (including legal mail), and denying him phone privileges. Plaintiff further seeks to be transferred to a medical administrative facility where he can be evaluated by an independent forensic psychiatrist/psychologist for his mental and emotional injuries and/or conditions.

Defendants claim Plaintiff is not entitled to injunctive relief because he has failed to exhaust his administrative remedies as to the claims alleged in his Motion [38].[3]

## ANALYSIS

A party requesting a temporary restraining order or preliminary injunction must demonstrate each of the following: 1) a substantial likelihood of success on the merits; 2) a substantial threat that failure to grant the injunction will result in irreparable injury; 3) the threatened injury must outweigh any damage that the injunction will cause to the adverse party; and 4) the injunction must not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell,* 248 F.3d 411, 419 n.15 (5th Cir. 2001).  "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune,* 534 F.2d 1115, 1121 (5th Cir. 1976).

Plaintiff has failed to demonstrate a substantial likelihood of success on the merits for the

---

[2]Plaintiff addresses his Motion [38] towards the Defendants, "their successors in office, agents and employees and all other persons acting in concert and participation with them . . . ." Motion [38] at 2.  However, the Motion [38] appears to be directed towards members of the BOP staff at his current facility in South Carolina, none of which are named Defendants in this action.

[3]Defendants maintain that Plaintiff has not been denied access to any of the services he claims.  *See* Response [55].

claims alleged in his Motion [38], as he has failed to exhaust his administrative remedies[4] as to such claims. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983 or "any other Federal law." Accordingly, federal prisoners filing suit under *Bivens* "must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit." *Porter v. Russels*, 534 U.S. 516, 524 (2002); *see also Schipke v. Van Buren*, 239 F. App'x 85, 86 (5th Cir. Aug. 30, 2007). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citations omitted); *see also Howe v. Polunsky Unit*, No. 9:08cv142, 2010 WL 1268186, at *2 (E.D. Tex. Feb. 3, 2010) ("Allowing inmates to bring unexhausted claims for injunctive relief to federal court would short-circuit the intent of Congress by denying prison officials the opportunity to address these complaints internally.").

A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *see also Johnson v. Ford*, 261 F. App'x 752, 755 (5th Cir. Jan. 14, 2008) (stating that the Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement) (citing *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)); *Lane v. Harris Cty. Med. Dep't.*, No. 06-20935, 2008 WL

---

[4]The BOP's Administrative Remedy Program ("ARP") is set forth in 28 C.F.R. §§ 542.10, *et seq*. The first step of the ARP process is the informal presentation of the issue to prison staff. If that does not resolve the issue, the inmate must submit a formal Request for Administrative Remedy. If the inmate is not satisfied with the warden's response to that request, he or she may submit an appeal to the appropriate BOP regional director, and may then appeal that decision to the General Counsel. That step "is the final administrative appeal" and its completion, therefore, constitutes exhaustion of administrative remedies. 28 C.F.R. § 542.15. *See* Ex. 7 to Response [55].

116333, at *1 (5th Cir. Jan. 11, 2008) (stating that under the PLRA, "the prisoner must not only pursue all available avenues of relief; he must also comply with all administrative deadlines and procedural rules"). "Indeed . . . a prisoner must now exhaust administrative remedies even where the relief sought-monetary damages-cannot be granted by the administrative process." *Woodford*, 548 U.S. at 85.

According to the declaration of Glenda Dykes, a BOP Legal Instruments Examiner, although Plaintiff has filed a total of 48 requests for administrative remedy, there is no record of Plaintiff properly filing and exhausting a request relating to retaliation by staff in the form of denying him access to legal research materials or phone or mail privileges. Additionally, there is no record of Plaintiff properly filing and exhausting a request relating to a request to be transferred or to be examined by an independent psychiatrist. *See* Ex. 7 to Response [55].

In his declaration [41] filed in support of his motion, Plaintiff claims he sent an informal resolution on August 23, 2010, to his Unit Team Manager regarding the denial of access to the phone system and the law library computer program, retaliation, harassment, and mail tampering. However, even if Plaintiff did submit this informal grievance, there is no evidence demonstrating he has completely and properly exhausted said claims, and given that the declaration was filed three days after the informal resolution was allegedly filed, the claims in the grievance could not have been properly exhausted.[5]

---

[5]Plaintiff also includes a declaration [49] claiming he sent a letter to the BOP Central Inmate Monitoring Review Authority on September 7, 2010, objecting to his designation as a "disruptive group member." This claim does not appear to be included in the instant Motion [38].

Finally, Plaintiff includes a response to an administrative remedy he filed on July 28, 2010, regarding threats by Case Manager Steve Smith, and a Cop-Out Memorandum to Lt. Buckler dated September 21, 2010, regarding his failure to properly handle a threat by another

Based on the foregoing, Plaintiff has failed to exhaust his administrative remedies relating to the claims raised in his Motion [38] and has failed to demonstrate that exhaustion would have been futile or that administrative remedies were unavailable or inappropriate.[6] Thus, Plaintiff is not entitled to the extraordinary remedy of injunctive relief. *See Howe*, 2010 WL 1268186, at *2 (holding that inmate was not entitled to injunctive relief because he failed to exhaust his administrative remedies).

Moreover, Plaintiff has failed to demonstrate a substantial threat that failure to grant the injunction will result in irreparable injury. Plaintiff claims that if the injunction is not granted, he will continue to face retaliation, threats, and harassment and will not get the psychiatric care he needs. *See* Memo. [40] at 6. However, as Defendants point out, the claims in the instant motion are not directed at any of the Defendants in this action, but rather staff at his current correctional facility, FCI Estill Medium in South Carolina.[7]

---

inmate reported to him and retaliation by other staff at FCI Estill, including C.O. Harvey. *See* Attachment [50]. Plaintiff also includes the allegations about Lt. Buckler and Steve Smith in his "Emergency Ex Parte Supplemental Attachment" [51]. However, neither Steve Smith, Lt. Buckler nor C.O. Harvey are named Defendants in this action. Moreover, there is no evidence that the aforementioned claims have been properly exhausted.

[6] "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Schipke*, 239 F. App'x at 86 (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir.1994)). The Fifth Circuit has taken the position that exceptions to the exhaustion requirement only apply in "extraordinary circumstances," and the prisoner bears the burden of demonstrating the futility or unavailability of administrative review. *Id.*

[7] The court has reviewed Plaintiff's "Ex Parte Notification" [61] and "Supplemental Attachment to Ex Parte Notification" [62], where Plaintiff claims he prepared a 31-page traverse and supporting exhibits in support of the instant Motion [38] and gave it to his Unit Manager, Elizabeth Carson, for mailing via certified mail on October 26, 2010. However, he has not received the confirmation of mailing. He claims that BOP staff at his current facility in South Carolina are tampering with his legal mail in retaliation for him filing previous grievances

RECOMMENDATION

As Plaintiff has failed to demonstrate the elements necessary to receive the requested injunctive relief, it is the recommendation of the undersigned that Plaintiff's Motion for Temporary Restraining Order [38] be DENIED.

NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

---

against them.  First, the BOP staff members mentioned in Plaintiff's pleadings [61][62] are not Defendants in this action.  Second, although Plaintiff claims BOP staff are interfering with his outgoing legal mail, the court continues to receive pleadings from Plaintiff on a regular basis, including the most recent "Ex Parte Notifications."  Plaintiff may address his complaints against BOP Staff at his current facility utilizing the available grievance process and, upon exhaustion of that process, by filing a complaint in the proper court.  This court is not the proper forum to address issues arising out of Plaintiff's confinement in the State of South Carolina.

SO ORDERED this the 9th day of November, 2010.

                                              s/ Michael T. Parker
                                              United States Magistrate Judge