IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

PAUL ALBA, JR.   # 61319-080                                    PLAINTIFF

VS.                           CIVIL ACTION NO. 5:10-cv-49(DCB)(MTP)

DELORES RANDLE, ET AL.                                         DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the plaintiff Paul Alba, Jr. ("Alba")'s Motion for Temporary Restraining Order **(docket entry 38)**; the Report and Recommendation of Magistrate Judge Michael T. Parker **(docket entry 63)**; the plaintiff's objections thereto **(docket entries 81 and 107)**; the plaintiff's motion for an evidentiary hearing **(docket entry 70)**; and the plaintiff's motion for reconsideration of this Court's Order referring this case to Magistrate Judge Parker **(docket entry 45)**.  Having carefully considered same, and being fully advised in the premises, the Court finds as follows:

The plaintiff, proceeding pro se and in forma pauperis, filed his complaint pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) and 28 U.S.C. § 1331.  In his complaint, the plaintiff alleges that defendants Bruce Pearson, Michael Morris, Delores Randle, Debra Dawson, Jeremy Fuqua, Ayanna Brown, and Delbert Sauers violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to protect him from other inmates while he was incarcerated

at FCC Yazoo City.  The plaintiff is currently incarcerated at FCI Estill Medium in South Carolina.

In his Motion for Temporary Restraining Order, Alba seeks an injunction enjoining the defendants from retaliating against him by denying him access to the Special Housing Unit's new electronic law library, tampering with his mail (including legal mail), and denying him phone privileges.  The plaintiff further seeks to be transferred to a medical administrative facility where he can be evaluated by an independent forensic psychiatrist/psychologist for his mental and emotional injuries and/or conditions.  The defendants claim that Alba is not entitled to injunctive relief because he has failed to exhaust his administrative remedies.

A party requesting a temporary restraining order or preliminary injunction must demonstrate each of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury must outweigh any damage that the injunction will cause to the adverse party; and (4) the injunction must not have an adverse effect on the public interest. <u>Women's Med. Ctr. of Northwest Houston v. Bell</u>, 248 F.3d 411, 419 n.15 (5th Cir. 2001).  "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." <u>Lewis v. S.S. Baune</u>, 534 F.2d 1115, 1121 (5th Cir. 1976).

In his Report and Recommendation, Magistrate Judge Parker finds that the plaintiff has failed to demonstrate a substantial likelihood of success on the merits for the claims alleged in his Motion, because he has failed to exhaust his administrative remedies as to such claims.  The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983 or "any other Federal law."  Federal prisoners filing suit under Bivens "must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit."  Porter v. Russels, 534 U.S. 516, 524 (2002); see also Schipke v. Van Buren, 239 F. Appx. 85, 86 (5th Cir. Aug. 30, 2007).  "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."  Jones v. Bock, 549 U.S. 199, 211 (2007) (citations omitted); see also Howe v. Polunsky Unit, 2010 WL 1268186, *2 (E.D. Tex. Feb. 3, 2010)("Allowing inmates to bring unexhausted claims for injunctive relief to federal court would short-circuit the intent of Congress by denying prison officials the opportunity to address these complaints internally."). Magistrate Judge Parker further finds that the claims in the instant motion do not appear to be directed to any of the defendants in this action, but rather staff at his current correctional facility, FCI Estill Medium in South Carolina.

The Court agrees with the findings of the Report and Recommendation and finds that the plaintiff's Motion for Temporary Restraining Order should be denied.  The Court also finds no merit in the plaintiff's objection to reference of this matter to Magistrate Judge Parker, and finds that the plaintiff has failed to show any grounds for an evidentiary hearing on his Motion for Temporary Restraining Order.  Accordingly,

IT IS HEREBY ORDERED that the Report and Recommendation of Magistrate Judge Michael T. Parker **(docket entry 63)** is adopted as the finding of this Court;

FURTHER ORDERED that the plaintiff Paul Alba, Jr.'s Motion for for an evidentiary hearing on his Motion for Temporary Restraining Order **(docket entry 70)** is DENIED;

FURTHER ORDERED that the plaintiff's Motion for Temporary Restraining Order **(docket entry 38**) is DENIED;

FURTHER ORDERED that the plaintiff's motion for reconsideration of this Court's Order referring this case to Magistrate Judge Parker **(docket entry 45)** is DENIED.

SO ORDERED, this the 28th day of March, 2011.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE