IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


PAUL ALBA, JR.   # 61319-080                    PLAINTIFF

VS.                     CIVIL ACTION NO. 5:10-cv-49(DCB)(RHW)

DELORES RANDLE, ET AL.                         DEFENDANTS


<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the Court on the defendants' motion to dismiss or, in the alternative, for summary judgment **(docket entry 66)**, the <u>pro</u> <u>se</u> plaintiff's response and supplemental pleadings and exhibits in opposition to the motion (docket entries 78, 98, 99, 100 and 103), the Report and Recommendation of Magistrate Judge Robert H. Walker **(docket entry 154)**, the plaintiff's motion for reconsideration and objections to the report and recommendation **(docket entry 170)**, and the defendants' response in opposition to the plaintiff's motion (docket entry 173).  Having carefully considered same, and being fully advised in the premises, the Court finds as follows:

The plaintiff, proceeding <u>pro</u> <u>se</u> and <u>in</u> <u>forma</u> <u>pauperis,</u> filed his complaint pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) and 28 U.S.C. § 1331.  In his complaint, the plaintiff alleges that defendants Bruce Pearson, Michael Morris, Delores Randle, Debra Dawson, Jeremy Fuqua, Ayanna Brown, and Delbert Sauers violated his Eighth Amendment right to be free from cruel and unusual punishment by

failing to protect him from other inmates while he was incarcerated at FCC Yazoo City.  The plaintiff is currently incarcerated at FCI Estill Medium in South Carolina.

As a preliminary matter, the Court notes that there is presently pending a notice of appeal filed by the plaintiff with the Fifth Circuit Court of Appeals.  On March 28, 2011, this Court entered an Order adopting the Report and Recommendation of Magistrate Judge Michael T. Parker[1] and denying the plaintiff's motion for a temporary restraining order.  On April 6, 2011, the plaintiff filed his notice of appeal from that Order.  On August 3, 2011, the Court denied the plaintiff's motion to proceed in forma pauperis, finding, inter alia, that Alba had not shown grounds for filing an interlocutory appeal.  Alba's appeal has not been ruled on by the Fifth Circuit; nevertheless, "the pendency of the interlocutory appeal from [a] district court's judgment denying [a] preliminary injunction [does] not divest the district court of jurisdiction to proceed with other aspects of the case."  Railway Labor Exec. Assoc. v. City of Galveston, Texas, 898 F.2d 481 (5th Cir. 1990).

Magistrate Judge Walker's Report and Recommendation (R&R) finds that Alba has voluntarily dismissed his claims against defendants Ayanna Brown and Jeremy Fuqua.  (See Plaintiff's

---

[1] Magistrate Judge Parker entered his Report and Recommendation on November 9, 2010.  This case was reassigned to Magistrate Judge Walker on February 2, 2011.

Response to Defendants' Motion to Dismiss or in the Alternative for Summary Judgment, p. 76).  The R&R also finds that Alba has not shown that the Court has personal jurisdiction over defendant Delbert Sauers.  From April 2007 until January 2010, Sauers was Chief, Designation and Sentence Computation Center (DSCC) of the Federal Bureau of Prisons in Grand Prairie, Texas.  He held that position when Alba was designated to FCI Yazoo City in January 2008.  Alba asserts that Sauers failed to protect him by negligently and "with deliberate indifference and reckless disregard" transferring him to Yazoo City where there were gang members who attacked him.

Sauers' declaration establishes that he supervised the Section Chief over Classification and Designations, who in turn supervised the Operations Manager for Hotel Team whose staff designators performed initial designations and re-designations for BOP inmates. Sauers did not designate or transfer inmates, but was a third-line supervisor of the DSCC designators who made these decisions.  He further states that he had no personal knowledge of plaintiff Alba. He did not designate, transfer, review a transfer, or personally deny any recommendation regarding Alba or make decisions about Alba's placement in general population, his CIM classification, separations or designations.  (See Declaration of Delbert Sauers, Exhibit 3 to docket entry 66).

Since Sauers was not and is not a resident citizen of the

State of Mississippi, this Court is without personal jurisdiction over him unless Alba shows that the law of the forum state provides for the assertion of such jurisdiction, and that the exercise of such jurisdiction comports with the due process clause of the Fourteenth Amendment. <u>Jobe v. ATR Marketing, Inc.</u>, 87 F.3d 751, 753 (5th Cir. 1996). The plaintiff bears the burden of establishing a factual basis for the Court's exercise of personal jurisdiction over the defendant. <u>Allred v. Moore & Peterson</u>, 117 F.3d 278, 281 (5th Cir. 1997).

The plaintiff has not come forward with affidavits or other evidence demonstrating the extent of Sauers' contacts with the State of Mississippi. The mere fact that Sauers oversees designations of inmates nationwide, including to facilities in Mississippi, does not meet the due process clause's minimum contacts standard for personal jurisdiction. <u>See Doe v. Wooten</u>, 2009 WL 900994 (N.D. Ga. March 30, 2009); <u>Hill v. Pugh</u>, 75 Fed.Appx. 715, 719 (10th Cir. 2003). See also <u>Caldwell v. Lappin</u>, 2010 WL 334867 (N.D. W.Va. Jan. 28, 2010) (finding lack of personal jurisdiction in West Virginia over defendant Sauers as an employee of BOP at the Designation and Sentence Computation Center in Grand Prairie, Texas). Alba's allegations and arguments do not suffice to make a prima facie showing of the requisite minimum contacts consistent with due process. The motion to dismiss defendant Sauers for lack of personal jurisdiction shall therefore be

granted.

The remaining defendants, Bruce Pearson (Warden of FCI Yazoo City), Delores Randle (Case Manager at FCI Yazoo City), Mike Morris (Unit Manager at FCI Yazoo City), and Debra Dawson (S.I.S. Gang Intelligence Lieutenant), move for dismissal or summary judgment on all claims against them.   Because the parties have submitted matters outside the pleadings, the defendants' motion to dismiss or, in the alternative, for summary judgment, shall be treated as a motion for summary judgment.   See Fed.R.Civ.P. 12(d); Young v. Biggers, 938 F.2d 565, 568 (5th Cir. 1991).

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof." Washington v. Armstrong World Indus., 839 F.2d 1121, 1122 (5th Cir. 1988).   "A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." Id.   This Court may grant summary judgment only if, viewing the facts in a light most favorable to the plaintiff, the defendants demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995).   If the defendants fails to discharge

the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied.  John v. State of Louisiana, 757 F.2d 698, 708 (5th Cir. 1985).  The existence of an issue of material fact is a question of law that this Court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues."  Id. at 712 (quoting U. S. Steel Corp. v. Darby, 516 F.2d 961, 963 (5th Cir. 1975)).

There must, however, be adequate proof in the record showing a real controversy regarding material facts.  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment ...."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).  Thus, "[c]onclusory allegations," Lujan v. National Wildlife Federation, 497 U.S. 871, 902 (1990), unsubstantiated assertions, Hopper v. Frank, 16 F.3d 92, 96-97 (5th Cir. 1994), or the presence of a "scintilla of evidence," Davis v. Chevron U.S.A., Inc., 14 F.3d 1082, 1086 (5th Cir. 1994), is not enough to create a real controversy regarding material facts.  In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts."  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).

The defendants move for summary judgment on  grounds that Alba

failed to exhaust administrative remedies, and that the defendants are entitled to qualified immunity.  The Court finds that the issue of exhaustion of administrative remedies is dispositive, and that it is unnecessary to reach the qualified immunity issue.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983 or "any other Federal law."  Accordingly, federal prisoners filing suit under <u>Bivens</u> "must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit." <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002); <u>see also</u> <u>Schipke v. Van Buren</u>, 239 Fed. Appx. 85, 86 (5th Cir. 2007).  "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."  <u>Jones v. Bock</u>, 549 U.S. 199, 211 (2007)(citation omitted).[2]

A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of

---

[2] The BOP's Administrative Remedy Program ("ARP") is set forth at 28 C.F.R. §§ 542.10, <u>et seq</u>.  The first step of the ARP process is the informal presentation of the issue to prison staff.  If that does not resolve the issue, the inmate must submit a formal Request for Administrative Remedy.  If the inmate is not satisfied with the warden's response to that request, he or she may submit an appeal to the appropriate BOP regional director, and may then appeal that decision to the General Counsel.  That step "is the final administrative appeal" and its completion, therefore, constitutes exhaustion of administrative remedies.

administrative remedies is necessary." Woodford v. Ngo, 548 U.S. 81, 83-84 (2006); see also Johnson v. Ford, 261 Fed. Appx. 752, 755 (5th Cir. 2008)(stating that the Fifth Circuit takes a "strict approach" to the PLRA's exhaustion requirement)(citing Days v. Johnson, 322 F.3d 863, 866 (5th Cir. 2003)); Lane v. Harris Cty. Med. Dep't., 2008 WL 116333, at *1 (5th Cir. Jan. 11, 2008)(stating that under the PLRA, "the prisoner must not only pursue all available avenues of relief; he must also comply with all administrative deadlines and procedural rules"). "Indeed ... a prisoner must now exhaust administrative remedies even where the relief sought – monetary damages – cannot be granted by the administrative process." Woodford, 548 U.S. at 85.

"Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." Schipke, 239 Fed. Appx. at 86 (quoting Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994)). The Fifth Circuit has taken the position that exceptions to the exhaustion requirement only apply in "extraordinary circumstances," and the prisoner bears the burden of demonstrating the futility or unavailability of administrative review. Id.

The exhaustion requirement imposed by § 1997e(a) is not jurisdictional; therefore, it may be subject to certain defenses

8

such as estoppel, equitable tolling, and waiver.  <u>Woodford</u>, 548
U.S. at 101.  Failure to exhaust is an affirmative defense that is
waived if not asserted.  <u>Carbe v. Lappin</u>, 492 F.3d 325, 327-28.
"Typically, a defensive pleading asserting the affirmative defense
of failure to exhaust is required."  <u>Torns v. Mississippi Dept. of
Corrections</u>, 301 Fed.Appx. 386, 388 (5th Cir. 2008).  "An
affirmative defense may be raised on a motion for summary judgment
only if that motion is the first pleading responsive to the
substance of the allegations."  <u>Burnette v. Bureau of Prisons</u>, 2009
WL 1650072, *2 (W.D. La. June 10, 2009)(citations omitted).  In
this case, the defendants' motion to dismiss or in the alternative
for summary judgment is their first responsive pleading; therefore,
they have not waived the affirmative defense.

     In support of their motion for summary judgment, the
defendants offer the declaration of Glenda Dykes, a Legal
Instruments Examiner in the BOP's Southeast Regional Office, which
position serves as the Administrative Remedy Clerk for the
Southeast Region.  After describing the three-tiered review process
prescribed by the ARP, the affidavit specifically addresses Alba's
administrative remedy history:

     The Administrative Remedy records for inmate Paul Alba,
     Jr., registration number 61319-080, reflect that he has
     filed a total of 52 administrative remedies.  (<u>See</u>
     Attachment 1 - SENTRY,[3] Administrative Remedy Generalized

---

     [3] SENTRY is an electronic computer system to track inmates in the
federal system, including ARP usage.

9

Retrieval).   Inmate Alba claims he exhausted his
administrative remedies by filing administrative remedy
numbers 535253-F1, 525253-R1, 525352-A1, 579098-R1 and
579098-A1.

Alba has failed to properly exhaust his administrative
remedies.   Bureau records indicate that administrative
remedy nos. 535253-F1, 535253-R1 were filed at the Warden
and General Counsel respectively.   (See Attachment 1).
Remedy no. 535253A1 was rejected by the General Counsel.
(See Attachment 1 and Attachment 2).

Administrative remedies nos. 579098-F1, 579098-R1 and
579098-A1 were each rejected at the respective filing
level.   (See Attachment 1 and Attachment 3).   Under 28
C.F.R. § 542.17, inmate Alba would have been provided
with rejection notices at each level.   The rejection
notice would have included the reasons and deficiencies
that led to the rejection.   The rejection notice would
have also provided inmate Alba with notice that he had
the opportunity to re-file the remedy and correct the
deficiency.

As inmate Alba has not properly presented a remedy to all
three levels of the administrative review process he has
failed to exhaust his administrative remedies.

Declaration of Glenda Dykes, ¶¶ 7-11.

    In his response to the defendants' motion for summary

judgment, his declaration attached thereto, and his objections to

the R&R, the plaintiff contends that his administrative remedy

requests were never answered, and asserts that some administrative

remedies were not available to him.   However, "[t]he failure of

prison officials to respond to a grievance does not constitute a

valid excuse for failure to exhaust administrative remedies."

Johnson v. Cheney, 2008 WL 534606, *3 (N.D. Tex. Feb. 8,

2008)(citations omitted).   In fact, BOP policy provides that the

absence of a response may be considered a denial at that level, and

the inmate allowed to pursue his appeal.  <u>See</u> 28 C.F.R. § 542.18.
The record also shows that rejection notices were provided to Alba,
notifying him of deficiencies in his filings and that he had the
opportunity to re-file his requests and correct the deficiencies.

The plaintiff has failed to rebut the defendants' assertions
regarding his failure to exhaust.  It is clear from the record in
this case that the plaintiff did not allow the administrative
procedure to run its proper course, opting instead for the filing
of this civil action.  Having failed to exhaust his available
remedies, the plaintiff cannot be allowed to proceed further.  To
hold otherwise would circumvent the prison grievance procedures and
thwart the purposes for which they were established.

Alba has failed to exhaust his administrative remedies.
Inasmuch as he has not demonstrated that exhaustion would have been
futile or that administrative remedies were unavailable or
inappropriate, his complaint against defendants Pearson, Morris,
Randle and Dawson shall be dismissed without prejudice.
Accordingly,

IT IS HEREBY ORDERED that the Report and Recommendation of
Magistrate Judge Robert H. Walker **(docket entry 154)** is adopted in
part as set forth herein;

FURTHER ORDERED that the plaintiff's motion for
reconsideration and objections to the report and recommendation
**(docket entry 170)** is DENIED;

FURTHER ORDERED that the defendants' motion to dismiss or in the alternative for summary judgment **(docket entry 66)** is GRANTED as set forth herein;

FURTHER ORDERED that defendants Ayanna Brown and Jeremy Fuqua are dismissed with prejudice by agreement of the parties;

FURTHER ORDERED that defendant Delbert Sauers is dismissed with prejudice for lack of personal jurisdiction;

FURTHER ORDERED that defendants Bruce Pearson, Michael Morris, Delores Randle and Debra Dawson are dismissed without prejudice for failure to exhaust administrative remedies;

FURTHER ORDERED that all remaining motions in this case are dismissed as moot.

SO ORDERED, this the 29th day of September, 2011.


/s/ David Bramlette
UNITED STATES DISTRICT JUDGE